IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**RICHARD MICHAEL CUSTER,**

      **Plaintiff,**

v.                                Case No. 2:08-cv-00923

**MOUNT OLIVE CORRECTIONAL COMPLEX
EMPLOYEES:
DAVID BALLARD, JAMES McCLOUD,
LT. ROGERS, KEVIN PHILLIPS,
JASON BRAGG, JESSICA MILLER,
SANDY SPARKS OLIVER,
LAW LIBRARIANS HOSEY and LAWRENCE, and
CHERYL CHANDLER,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On July 15, 2008, Plaintiff filed a Complaint (docket # 3) under 42 U.S.C. § 1983, alleging that the defendants are violating his constitutional rights with respect to the conditions of his confinement at Mount Olive Correctional Complex ("MOCC"). The Complaint is 18 pages long and is supported by approximately 70 pages of copies of grievances. By Standing Order, the District Court referred this civil action to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from

a governmental entity or officer or employee of a governmental entity.  On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  This screening is done prior to consideration of the Application to Proceed without Prepayment of Fees and Costs.  A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992).  A "frivolous" claim lacks "an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  Because, for the reasons stated below, it is "beyond doubt" that Plaintiff's Complaint fails to allege facts entitling him to relief, he should not be given an opportunity to offer evidence in support of his claim.  See, Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).

Plaintiff raises a plethora of issues with respect to the conditions of his confinement.  He complains about his cell, his assignment to the Quilliams Unit at MOCC, his employment, food, interactions with guards and inmates, personal belongings, access to the law library, handling of his grievances, administration of

2

medications, participation in recreation, etc. The relief he requests is stated:

> I want transferred to Northern Correctional Facility like my court order states. I want to have privileges like other inmates. I want 10 million dollars from each of the defendants in their personal and professional capacity for the mental torture I'm suffering and for violation of my constitutional rights and I want them all fired from employment by the State of West Virginia. I want them to pay all court costs and I want to be safe. And I want a lawyer appointed to me to understand all the legal stuff from the court. I won't be able to access the law library here after I sue them.

(Complaint, # 3-2, at 41-42.)

In Farmer v. Brennan, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard. The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" Id., at 833.

Moreover, to sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." Id., at 834. (Citations omitted.) The Supreme Court rejected an argument that an objective

test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id., at 837.

The holding in Farmer v. Brennan establishes that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff has failed to show "a serious deprivation of a basic human need [and] deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). Moreover, Plaintiff has failed to allege that he has suffered any serious or significant injury resulting from the challenged conditions at the MOCC. Strickler requires a showing of significant injury. 989 F.2D at 1381.

The Supreme Court of the United States has held that an inmate has no justifiable expectation that he will be incarcerated in any particular correctional facility. In Meachum v. Fano, 427 U.S. 215 (1976), and Montanye v. Haymes, 427 U.S. 236 (1976), the Court held that an intrastate transfer from one prison facility to another "does not directly implicate the Due Process Clause of the Fourteenth Amendment." Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Specifically, the court stated:

> The initial decision to assign the convict to a

4

> particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in <u>any</u> of its prisons.
>
> Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose.

<u>Id.</u> (quoting <u>Meachum</u>, 427 U.S. at 224-225). In <u>Olim</u>, the Court further wrote that "a holding that '<u>any</u> substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts.'" <u>Id.</u> (quoting <u>Meachum</u>, 427 U.S. at 225). Thus, Plaintiff has no constitutional right to be incarcerated in a particular facility.

Accordingly, the court proposes that the District Court **FIND** that Plaintiff has failed to state any claim upon which relief can be granted. It is respectfully **RECOMMENDED** that the District Court **DISMISS** the Complaint (# 3) under 28 U.S.C. §§ 1915A(b)(1), and **DENY** Plaintiff's two Applications to Proceed without Prepayment of Fees and Costs (## 1 and 2).

Plaintiff is notified that this Proposed Findings and

Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

   August 7, 2008
       Date

Mary E. Stanley
United States Magistrate Judge